[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15556
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20584-CMA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIUS MONTAQUE HAYMON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 7, 2016)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Darius Haymon appeals his conviction for possessing a firearm as a

convicted felon. 18 U.S.C. § 922(g). Haymon challenges the denial of his motion

to suppress firearms and ammunition that officers discovered while executing a search warrant on his residence. Hymon argues that he was entitled to a hearing to examine whether the affidavit used to obtain the warrant contained false information and whether, if redacted, the affidavit provided probable cause to issue the warrant. We affirm.

The district court did not abuse its discretion by denying Haymon's motion to suppress without an evidentiary hearing. No hearing was necessary because Haymon failed to make a substantial showing that the affidavit contained a false statement. *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). The affiant did not make a false statement by averring that Haymon "is in possession of an AK-47 type rifle" when Haymon was detained in a jail. Haymon was in constructive possession of the firearm as long as it was subject to his control, and as stated in the affidavit, the firearm was "inside the premises that [Haymon] share[d] along with [his girlfriend] and their minor child" at "7601 N.W. 17 Avenue Miami, Florida." *See United States v. Folk*, 754 F.3d 905, 917 (11th Cir. 2014). That the information was 12 days old did not make it stale because the information pertained to an object stored in Haymon's home. *See United States v. Bervaldi*, 226 F.3d 1256, 1266 (11th Cir. 2000) (Because "[r]esidency in a house . . . endures for some length of time," "the passage of [six months] alone did not erode the reasonable belief that [the defendant still] resided at [the same address]."). And

even if the trial court had disregarded the statement about Haymon's current possession of the firearm, no hearing was necessary because the affidavit provided probable cause to believe that the residence contained evidence that Haymon was unlawfully in possession of a firearm and that he intended to commit murder. *See United States v. Kapordelis*, 569 F.3d 1291, 1310 (11th Cir. 2009). The affidavit stated that Haymon, his girlfriend, and their minor child resided in a residence in which a confidential information had observed an AK-47 type firearm and that Haymon, who was associated with a gang, sold narcotics, and was a convicted felon, was the intended target of a homicide and thereafter posted on two dates on his Facebook page that "shit finna get real ugly soon" and he was gonna "get my own justice."

We **AFFIRM** Haymon's conviction.

3